**MARION LAW LLC**
Matthew A. Marion
95 Rowayton Avenue
Rowayton, CT 06853
Tel: 203-866-4050
Fax: 203-854-6656
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| NAVIG8 POOL INC. | 21 Civ. ___ ( ) |
| Petitioner, | **PETITION TO COMPEL ARBITRATION** |
| v. |  |
| MENA ENERGY DMCC |  |
| Respondent. |  |

The Petition of Navig8 Pool Inc. ("Navig8") respectfully shows as follows:

1. The dispute which is the subject matter of this petition involves an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the case would be within the admiralty or maritime jurisdiction of the United States and of this Honorable Court pursuant to 28 U.S.C. §1333, save for the written agreement to arbitrate hereinafter set forth.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 9 U.S.C. §203.

3. This Court also has jurisdiction pursuant to 9 U.S.C. §202.

4. Venue is proper in this Court pursuant to 9 U.S.C. §206, which provides in relevant part: "[a] court having jurisdiction under this chapter may direct that arbitration be held in accordance

with the agreement at any place therein provided for, whether that place is within or without the United States."

5. The governing charter party provides for arbitration between the parties in New York, New York.

## THE PARTIES

6. At all material times, Petitioner Navig8 was and is a foreign corporation organized and existing under the laws of the Marshall Islands.

7. At all material times, upon information and belief, Respondent Mena Energy DMCC ("Mena") was and is a foreign corporation with an office and principal place of business at Building 2, Emaar Square, Emaar Square Building 2, 5th Floor, Dubai 92502, United Arab Emirate, and a registered office at Unit No: 308, DMCC Business Centre, Level No 5, Jewellery & Gemplex 2, Dubai, United Arab Emirates.

## FACTUAL ALLEGATIONS

8. On June 30, 2020, Navig8 and Mena entered into a written contract for the charter of one of Navig8's tanker vessels, the M/T Navig8 Success, to transport a petroleum cargo from the U.S. Gulf to a non-U.S. discharge port in the Caribbean.

9. In keeping with industry custom, the parties' charter negotiations took place via email through an intermediary broker, Gulfstream Tanker Chartering LLC ("Gulfstream") of Jupiter, Florida.

10. These commercial negotiations resulted in a final written summary of the parties' agreement known as a fixture recap, which was issued by Gulfstream on June 30th and accepted by both Navig8 and Mena without objection.

11. The charter contract consisted of 4 documents: the June 30th fixture recap, the ExxonMobil VOY2012 printed charter form, the ExxonMobil VOY2012 Special Clauses, and the Mena Seariver COA Contagious Disease Clause ("the Mena COA Clause"). True and correct copies of these 4 documents are annexed as Exhibits 1-4 ("Exh.") respectively to the Declaration of Anastasia Kotsaki, dated April 26, 2021 ("Kotsaki Decl."), submitted in support of Navig8's Petition to Compel Arbitration.

12. Clause 35 of the printed charter form included the following arbitration clause:

> 35. DISPUTE RESOLUTION.
> (a) Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York, pursuant to the laws relating to arbitration there in force, before a board of three persons, consisting of one arbitrator to be appointed by Owner, one by Charterer and one by the two so chosen. The decision of any two of the three on any point or points shall be final. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the Arbitrators and on the other party to specify further disputes or differences under this Charter for hearing and determination. The Arbitrators may grant any relief which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance. Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction in the premises.

Kotsaki Decl. ¶10 and Exh. 2 annexed thereto.

13. Neither the final fixture recap, the ExxonMobil VOY2012 Special Clauses, nor the Mena COA Clause modified ExxonMobil VOY2012 printed clause 35 in any respect.

14. On July 5, 2020, Navig8 tendered, and Mena accepted, the vessel for loading at Beaumont, Texas. Thereafter, Mena issued voyage orders in accordance with the charter party, using Gulfstream as the parties' intermediary, and Navig8 carried out those orders without incident.

15. While in Beaumont, the vessel loaded approximately 36,534 metric tons of unleaded gasoline, using 87 hours and 54 minutes of net laytime after contractual deductions to complete loading operations, and sailed for Puerto Moin, Costa Rica on July 10th. It completed discharge at Puerto Moin on July 19th, using an additional 74 hours and 54 minutes of net laytime.

16. In total, the vessel used 162.80 hours of laytime, which exceeded the allotted laytime by 78.80 hours, all of which constituted demurrage.

17. Demurrage, as provided under the charter, was a per diem contractual penalty to be paid by Mena for delaying redelivery of the vessel beyond the laytime allowed under the charter.

18. The contractual demurrage rate for time used by Mena in excess of the agreed maximum of 84 hours was set at "$18,750 PDPR" (per day, pro rata) in the fixture recap.

19. After completing the voyage, Navig8 exchanged communications with Mena between August 3rd and October 22nd regarding laytime calculations and the accrued demurrage under the charter, with both parties again using Gulfstream as their intermediary for communications.

20. After several followup exchanges, Navig8 modified its original demurrage claim and accepted Mena's demurrage calculation on October 21, 2020.

21. On October 22, 2020, Mena re-confirmed that Navig8's revised net demurrage claim in the amount of $50,121.09 was acceptable, stating: "we have forwarded the invoice for payment, please be (sic) noted that payment process takes 3-4 weeks."

22. That message was Mena's final communication, as it has ignored and refused to respond to Navig8's subsequent efforts to secure payment, as promised, for the undisputed demurrage claim.

23. After three months of silence and non-payment by Mena, Navig8 engaged counsel to recover this conceded but unpaid debt from Mena.

24. By letter dated January 25, 2021, Petitioner Navig8 demanded that Mena pay the outstanding demurrage, failing which Navig8 intended to commence arbitration to recover the undisputed sum.

25. After several additional exchanges, on February 18, 2021, Navig8 formally demanded arbitration against Mena under the governing charter and appointed Robert G. Shaw, Esq. as its party-appointed arbitrator. A true and correct copy of Navig8's arbitration demand with fax confirmation to Mena is annexed as Exhibit 2 to the Declaration of Matthew A. Marion, dated April 26, 2021, submitted in support of Navig8's Petition to Compel Arbitration.

26. Navig8 seeks to recover its damages in the arbitration, including unpaid demurrage, accrued interest, and its costs and attorney's fees, resulting from Mena's failure and refusal to appoint an arbitrator and participate in the arbitration in breach of Clause 35 of the charter.

27. Petitioner Navig8 has duly performed all of its obligations under the arbitration clause and the governing charter.

28. No previous application has been made to this Court, or any other Court, for the order and relief sought herein.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Navig8 requests that this Court, pursuant to 9 U.S.C. §§ 1 *et seq.* and 9 U.S.C. §201 *et seq.*, enter an order:

(1) compelling Respondent Mena to arbitrate in New York, New York in accordance with its charter party with Navig8;

(2) directing Mena to appoint an arbitrator not later than May 26, 2021;

(3) providing that, upon (i) the failure of Mena to appoint an arbitrator by May 26, 2021, and (ii) the written request of Navig8, the Court shall appoint an arbitrator on behalf of Mena and direct that the arbitration may proceed without Mena;

(4) staying this proceeding after issuing the order requested by Navig8 pending issuance of an arbitral award;

(5) awarding Navig8 its costs and attorney's fees associated with this Petition; and

(6) granting such other and further relief as may be just.

Dated: Rowayton, Connecticut
April 26, 2021

>Respectfully submitted,
>
>MARION LAW LLC
>Attorneys for Petitioner
>Navig8 Pool Inc.
>
>By: /s/ *Matthew A. Marion*
>Matthew A. Marion (MM-6192)
>95 Rowayton Avenue
>Rowayton, CT 06853-1405
>Tel:  (203) 866-4050
>Fax:  (203) 854-6656
>mmarion@marionlawllc.com